## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:11-cv-127

| | |
|---|---|
| ESTATE OF CANDY LYNN HALFORD STANFIELD, by and through Kimberly Halford Searcy, Executrix; DONALD CHANDLER STANFIELD, KENSLEY PAGE STANFIELD, and JODI MKAYLA STANFIELD, minors, by and through Kimberly Halford Searcy and Sandra Halford Reid, Co-Guardians,<br><br>    Plaintiffs,<br><br>vs.<br><br>KANSAS CITY LIFE INSURANCE COMPANY,<br><br>    Defendant. | ORDER |

**THIS MATTER** is before the court upon review of the Complaint for compliance with Rule 17 of the Federal Rules of Civil Procedure. While the caption of the Complaint indicates that this action is being brought by the co-guardians of Donald Chandler Stanfield, Kensley Page Stanfield and Jodi Mkayla Stanfield, all minors, there is nothing in the Complaint to indicate the residence, citizenship, or relationship of the purported guardians nor is there a citation to any authority by which they were appointed. Rule 17(c) of the Federal Rules of Civil Procedure states as follows:

> (c) Minor or Incompetent Person.
>> (1) **With a Representative**. The following representatives may sue or defend on behalf of a minor or an incompetent person:
>> (A) a general guardian;
>> (B) a committee;
>> (C) a conservator; or
>> (D) a like fiduciary.
>>
>> (2) **Without a Representative.** A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem–or issue another appropriate order–to protect a minor or incompetent person who is unrepresented in an action.

The court's concern here is not based on a parsing of words or being a stickler for detail. Rather, it is the court's concern for finality and avoidance of later collateral attack on any ruling. Indeed, the court is most appreciative of people like Ms. Searcy and Ms. Reid, who had agreed to act as guardians of minor children. However, the authority by which Ms. Searcy and Ms. Reid are acting must be established, particularly for the purpose of any settlement or final judgment.

Counsel for plaintiffs will be granted leave to file such documentation as is necessary to show how and by what authority Ms. Searcy and Ms. Reid are acting. If no authority can be established, then the court would urge plaintiffs' counsel to file motions for appointment a guardian *ad litem* for each one of the minor plaintiffs in this matter.

**ORDER**

**IT IS, THEREFORE, ORDERED** that counsel for plaintiffs shall, on or before **June 24, 2011,** file with the court:

1) Documents showing the appointment for authority by which Ms. Searcy and Ms. Reid are acting as general guardians; or

2) Motions for the appointment of a guardian *ad litem* for each one of the minor plaintiffs in this matter.

Signed: June 10, 2011

_____

Dennis L. Howell
United States Magistrate Judge