IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11-cv-127

FILED
ASHEVILLE, NC

JAN 2 6 2012

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

| | |
|---|---|
| ESTATE OF CANDY LYNN HALFORD ) STANFIELD, by and through Kimberly ) Halford Searcy, Executrix; et al., ) ) Plaintiffs, ) ) vs. ) ) KANSAS CITY LIFE INSURANCE ) COMPANY, ) ) Defendant. ) ) | **CONSENT JUDGMENT** |

**THIS MATTER** is before the undersigned pursuant to a motion filed by counsel for both the plaintiffs and the defendant entitled "Consent Motion for Approval of Settlement" (#19). An examination of both the motion and the pleadings in this matter show that the Complaint alleges a breach of contract by the defendant's failure to pay a life insurance policy which would be payable, at least in part, to beneficiaries who are minors. As minors, any resolution of this matter must be approved by the presiding judge pursuant to N.C.G.S. § 1-402. The undersigned entered an Order (#20) on January 11, 2012 setting a hearing for the purpose of hearing evidence in this matter and making a determination as to whether or not to approve the settlement in this case.

-1-

From the pleadings, the evidence offered in this matter, and the arguments of counsel for plaintiffs and defendant, the undersigned makes the following findings of fact:

**Findings of Fact.**

I.

Kimberly Halford Searcy is the duly appointed executrix of the estate of Candy Lynn Halford Stanfield, deceased, having been so appointed by the Clerk of Superior Court of Polk County, North Carolina in state file 10-E-6.

II.

Donald Chandler Stanfield, Kensley Page Stanfield and Jodi Makayla Stanfield are the children of Candy Lynn Halford Stanfield, deceased. By order of the Clerk of Superior Court of Polk County, Kimberly H. Searcy and Sandra Reid were, on April 12, 2011, qualified as the general guardians of Donald Chandler Stanfield, born on March 3, 1993, who was at that time a minor child. Letters of Appointment appointing Kimberly H. Searcy and Sandra Reid as the general guardians for Donald Chandler Stanfield were issued on June 13, 2011, in Polk county file 10-E-87.

By order of the Clerk of Superior Court of Polk County, Kimberly H. Searcy and Sandra Reid were, on April 12, 2011, qualified as the general guardians of Kensley Page Stanfield, born on September 7, 1994. Letters of Appointment appointing

Kimberly H. Searcy and Sandra Reid as the general guardians for Kensley Page Stanfield were issued on June 13, 2011, in Polk county file 10-E-88.

By order of the Clerk of Superior Court of Polk County, Kimberly H. Searcy and Sandra Reid were, on April 12, 2011, qualified as the general guardians of Jodi Mikayla Stanfield, born on February 9, 1999. Letters of Appointment appointing Kimberly H. Searcy and Sandra Reid as the general guardians for Jodi Makayla Stanfield were issued on June 13, 2011, in Polk county file 10-E-89.

III.

Kansas City Life Insurance Company is a corporation organized and existing under and by virtue of the laws of the state of Missouri. Kansas City Life Insurance Company has been authorized by the North Carolina Department of Insurance to issue policies of life insurance in the state of North Carolina.

IV.

In October of 2008, Candy Lynn Halford Stanfield, with the assistance of James Edward Revis a licensed insurance broker employed by Mountain Valley Insurance of Marion, North Carolina, made an application with the defendant for the issuance of a $500,000 life insurance policy payable upon the death of Candy Lynn Halford Stanfield to her children as beneficiaries. Thereafter, defendant required Ms. Stanfield to provide her medical history, which included telephone interviews. Ms. Stanfield

also allowed defendant to obtain copies of her medical records concerning treatment for various medical conditions. After the defendant conducted a review, the defendant issued a policy of life insurance with Candy Lynn Halford Stanfield being the insured in the amount payable of $250,000. The beneficiaries were Donald C. Stanfield, Kensley P. Stanfield, and Jodi M. Stanfield. The policy bore policy number 2764301. Contained within the policy was the following language which limited coverage based upon nondisclosure of medical information:

> **5.1 Contract**
> This policy, application and any supplemental applications are the entire contract. This contract is issued in consideration of the application and payment of the premiums. We will attach a copy of any application when we issue the policy and we will attach to or endorse on the policy any supplemental applications when the supplemental coverage become effective.
>
> In the absence of fraud, will consider all statements made in any applications either by you or by the insured to be representations and no warranties. We may use statements to contest a claim or the validity of this policy only if they are contained in an application.
>
> **5.3 Incontestability**
> After this policy has been in force during the insured's lifetime for two years from the policy date, we cannot contest this policy, except if the policy lapses as described in Section 4.5, Grace Period.

The policy of insurance was dated December 23, 2008 and was for an initial term period of twenty (20) years.

-4-

V.

On March 11, 2010, Candy Lynn Halford Stanfield died. This date of death was within the two year period as provided in the paragraph 5.3 of the policy. Claims were presented on June 17, 2010, to the defendant on behalf of the three minor beneficiaries requesting payment to each of them in an equal amount, pursuant to the terms of the policy for a total payment of $250,000. After a period of investigation, the defendant, on January 7, 2011, denied the claims. In the letter of denial the defendant stated it reasons for denial as follows:

> The omission of medical information is material to the issuance of this policy; had KCL known Candy Stanfield had other medical conditions and had received treatment for issues not disclosed on the original application uncovered during the claim adjudication process, KCL would not have issued this policy. Consequently, the claim for benefits is being denied.

VI.

It is the contention of the defendant that Candy Lynn Halford Stanfield did not disclose on her application that she had been treated for sleep apnea. The defendant contends that sleep apnea is a condition that would have been considered detrimentally by the defendant, and that defendant would not have issued the policy if it had known that Candy Lynn Halford Stanfield had been treated for such a condition.

VII.

After receiving the denial, plaintiffs retained attorneys Robert J. Deutsch and

Tikkun A.S. Gottschalk of the law firm of Robert J. Deutsch, P.A. in Asheville, North Carolina. Plaintiffs' counsel filed a Complaint with the Clerk of Superior Court of Polk County on April 19, 2011, as contained in file 1:11cvs107. In the Complaint, plaintiffs present one cause of action, that being a claim for relief for breach of contract against the defendant requesting as relief a recovery of the policy amount of $250,000 plus interest. The defendant, after being served, filed a Petition for Removal alleging jurisdiction in this court based upon diversity jurisdiction pursuant to 18 U.S.C. § 1332. The matter was removed to this Court on May 23, 2011. Thereafter, the defendant filed a Motion for Summary Judgment (#14) based largely upon the grounds as set forth in paragraph six of these findings of fact.

VIII.

The plaintiffs have responded to the defendant's Motion for Summary Judgment (#16). In the plaintiff's response the plaintiffs contend that Candy Lynn Halford Stanfield did not make a material misrepresentation in the application for the life insurance policy, and that any representation that was made by Ms. Stanfield was not false. The plaintiffs further contend that defendant had knowledge of Ms. Stanfield's treatment for sleep apnea or at least had an adequate opportunity to investigate Ms. Stanfield's medical condition, which the plaintiffs' contend the defendant did not perform.

## VIIII.

While the summary judgment motions were pending, the parties through their counsel have advised the Court that all issues in dispute have been settled and compromised between them. (#19) The terms of the settlement are that the parties have agreed that the defendant shall pay in full and complete settlement of all claims by the plaintiffs the total sum of $150,000.

## X.

The Court has made due inquiry into the facts and circumstances as referenced in the dispute described in the pleadings. The Court has read the pleadings including the Motion for Summary Judgment (#14 & #15) and supporting documents submitted by the defendant and the Memorandum in Opposition (#16) and the supporting documents submitted by the plaintiffs. Without expressing an opinion or making a decision as to the merits of the Motion for Summary Judgment, which might or might not be allowed, it would appear to the undersigned that if this matter did go to trial that the jury would be presented with one issue, that being whether or not the defendant did breach the contract of insurance by failure to pay the claims. If the jury finds in the affirmative, then the plaintiffs would be entitled to an equal share of $250,000. If the jury finds in the negative then the plaintiffs would obtain no recovery whatsoever. If this court granted summary judgment for the defendant, then the plaintiffs would

obtain no recovery whatsoever. In the opinion of the Court the plaintiffs have some risk of there being an adverse finding in regard to summary judgment and have a substantial risk of there being an adverse jury verdict. Considering all factors in this case and considering the foregoing and having consulted in open court with counsel for the plaintiffs and the executrix of the Estate of Candy Lynn Halford Stanfield and further consulting in open court with Donald Chandler Stanfield, who has now reached the age of eighteen or majority, and with the guardians for Kensley Page Stanfield, now age seventeen, and Jodi Makayla Stanfield, now age twelve, and further addressing Kensley Page Stanfield and Jodi Makayla Stanfield, the Court is of the opinion that a settlement in the amount of $150,000 is a fair and reasonable settlement of this dispute and will allow a substantial recovery that can be used for the use and benefit of each of the minor children in this matter. The Court further finds that a settlement in the amount of $150,000 is a fit, proper, and just payment by the defendant in full satisfaction of all claims that might be asserted by the plaintiffs herein, including the minor plaintiffs. The Court further finds that it is in the best interest of the plaintiffs, and particularly each of the minor plaintiffs and the guardians of the minor plaintiffs, that such settlement be approved by this Court.

XI.

The attorneys for the plaintiffs have rendered valuable services on behalf of the

plaintiffs. The plaintiffs have entered into a contract with said attorneys whereby they would be paid for their services in this matter by way of a contingent fee agreement. An examination by the Court of the pleadings in this matter has shown that plaintiffs' counsel has deposed numerous witnesses and has been actively involved in the prosecution of this case and that fees in the sum of twenty-five (25%) percent of the settlement amount for a total fee of $37,500 to be paid to plaintiffs' counsel from the recovery herein is a fair and reasonable fee and that it would be in the best interest of the plaintiffs and particularly the minor plaintiffs and the guardians of the minor plaintiffs that such fee be approved by the Court and ordered to be paid to counsel for the plaintiffs. Plaintiffs' counsel has advised the Court they are not seeking reimbursement for advanced costs and expenses.

From the foregoing findings of fact the court makes the following conclusions of law:

**Conclusions of Law.**

1) That Kimberly Halford Searcy is the duly appointed executrix of the estate of Candy Lynn Halford Stanfield and is authorized to bring this action and that this court now has jurisdiction of the action and over the parties and the subject matter of this action.

2) That Kimberly H. Searcy and Sandra Reid were appointed as general

guardians for the plaintiff Donald Chandler Stanfield by the Clerk of Superior Court of Polk County. Donald Chandler Stanfield has now attained the age of eighteen years, and thus has attained the age of majority and is an adult who can participate on his own behalf in regard to the settlement of this matter.

3) That Kimberly H. Searcy and Sandra Reid have been appointed as the general guardians of Kensley Page Stanfield, a minor child by order of the Clerk of Superior Court of Polk County.

4) That Kimberly H. Searcy and Sandra Reid have been appointed as the general guardians of Jodi Makayla Stanfield, a minor child by order of the Clerk of Superior Court of Polk County.

5) That all parties are properly before the Court as are necessary for the settlement of all claims in this matter.

6) That after hearing the evidence in this case, the Court finds that it is in the best interest of each of the minor children and their guardians and of the estate and it is in the best interest of Donald Chandler Stanfield that the sum of $150,000 be received by them in full satisfaction of all claims that might be asserted, after a deduction of an appropriate attorney fee to be paid to counsel for the plaintiffs. The payment of the sum of $150,000, when paid, shall be in full and complete settlement of all claims on behalf of the estate of Candy Lynn Halford Stanfield or Donald

Chandler Stanfield or Kensley Page Stanfield through her guardians Kimberly H. Searcy and Sandra Reid and Jodi Makayla Stanfield through her guardians Kimberly H. Searcy and Sandra Reid. Donald Chandler Stanfield, Kensley Page Stanfield and Jodi Makayla Stanfield are equal beneficiaries of the proceeds of the policy of insurance and the settlement amount herein and after the deduction of attorney fees are each entitled to thirty-three and one-third (33⅓%) percent of the amount remaining.

## ORDER

**NOW, THEREFORE,** by and with consent of the plaintiffs and the defendant as evidenced by the signatures of the plaintiffs and the attorneys respectfully for said parties whose signatures are herewith affixed to this Judgement it is **ORDERED, ADJUDGED AND DECREED**:

1) That the plaintiffs have and recover judgment of the defendant in the sum of $150,000;

2) That this judgment, when paid in full, shall be a full and final bar in favor of the defendant the Estate of Candy Lynn Halford Stanfield, Donald Chandler Stanfield, Kensley Page Stanfield, either individually or by and through her guardians, Kimberly Halford Searcy and Sandra Halford Reid and Jodi Makayla Stanfield, either individually or by and through her guardians Kimberly Halford Searcy and Sandra

Halford Reid or by anyone acting on behalf of said persons or to any and all actions or causes of actions which the plaintiffs have against the defendant;

    3)    The Court further orders and directs that the sum set forth above shall be disbursed by the defendant as follows:

    (1)    To Donald Chandler Stanfield the sum of $37,500;

    (2)    To the Clerk of Superior Court of Polk County the sum of $37,500 to be held by the Clerk for Kensley Page Stanfield upon interest as provided by law which is to be disbursed to Kensley Page Stanfield upon her attaining the age of majority upon such appropriate court order as shall be entered;

    (3)    To the Clerk of Superior Court of Polk County the sum of $37,500 to be held by the Clerk for Jodi Makayla Stanfield upon interest as provided by law which is to be disbursed to Jodi Makayla Stanfield upon her attaining the age of majority upon such appropriate court order as shall be entered;

    (4)    The sum of $37,500 to be paid to Robert J. Deutsch, P.A. as attorney fees in this matter.

    (5)    Each party shall bear their own costs.

Judgment in this matter is entered in open court on this the 26th day of January 2012.

    WE CONSENT:

_____  
Brady J. Fulton, Attorney for Defendant

_____  
Robert J. Deutsch, Attorney for Plaintiffs

Case 1:11-cv-00127-DLH   Document 21   Filed 01/26/12   Page 12 of 13

_Kimberly Halford Searcy_
Kimberly Halford Searcy, Executrix of the
Estate of Candy Lynn Halford Stanfield

_Chandler Stanfield_
Donald Chandler Stanfield

Kensley Page Stanfield, a minor by
and through her co-general guardians,
Kimberly Halford Searcy and
Sandra Halford Reid

_Kimberly Halford Searcy_
Kimberly Halford Searcy

_Sandra Halford Reid_
Sandra Halford Reid

Jodi Makayla Stanfield, a minor by
and through her co-general guardians,
Kimberly Halford Searcy and
Sandra Halford Reid

_Kimberly Halford Searcy_
Kimberly Halford Searcy

_Sandra Halford Reid_
Sandra Halford Reid

_Dennis L. Howell_
Dennis L. Howell, United States
Magistrate Judge for the Western
District of North Carolina